FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2015 MAR 17 P 12: 29

DEANE-ELLEN VALKERIE, )
)
   Plaintiff, )
)
v. ) No. 3:15-CV-328-J-32MCR
)
MIDLAND CREDIT MANAGEMENT, INC., )
)
   Defendant. )

### PLAINTIFF'S COMPLAINT

Plaintiff, DEANE-ELLEN VALKERIE ("Plaintiff"), through her attorney, alleges the following against Defendant, MIDLAND CREDIT MANAGEMENT, INC., LLC ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Florida Consumer Collection Practices Act, Fla. Stat. §559.72 ("FCCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

4. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

5. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

6. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call...." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

7. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act ... is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. §1331, 1367, and 15 U.S.C. §1692k.

9. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained within.

10. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

11. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

12. Plaintiff is a natural person residing in Palm Coast, Flagler County, Florida.

13. Plaintiff is a consumer as that term is defined by the FDCPA and the FCCPA.

14. Plaintiff allegedly owes a debt as that term is defined by the FDCPA and the FCCPA.

15. Defendant is a debt collector as that term is defined by the FDCPA and the FCCPA.

16. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

17. Defendant is a collection agency headquartered in San Diego, San Diego County, California.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

24. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from a T-Mobile account.

25. Plaintiff's alleged debt owed arises from transactions for personal, family, and household purposes.

26. In or around April 2014, Defendant began calling Plaintiff on her cellular telephone number at 908-591-25XX and her home telephone number at 386-672-86XX.

27. Defendant calls Plaintiff from 877-240-2377, which is one of Defendant's telephone numbers.

28. In or around April 2014, Plaintiff spoke with one of Defendant's male collectors named Cyrus.

29. During the aforementioned conversation, Defendant's collector demanded immediate payment from Plaintiff and stated that if she did not pay, Defendant would continue calling.

30. During the aforementioned conversation, Plaintiff disputed the debt and asked that

Defendant stop calling her.

31. Despite Plaintiff's request, Defendant continued to place collection calls in an attempt to collect on the alleged debt.

32. Defendant called Plaintiff at an annoying and harassing rate of at least two (2) to three (3) times per week.

33. On October 21, 2014, Plaintiff mailed a cease and desist letter to Defendant at 8875 Aero Drive, Suite 200, San Diego, CA 92123.

34. 8875 Aero Drive, Suite 200, San Diego, CA 92123 is an address that is known to be Defendant's address.

35. Despite this, Defendant continued to call Plaintiff, violating the cease and desist letter.

36. Defendant called Plaintiff using an autodialer system.

37. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

38. Defendant's phone system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

39. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

40. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

41. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

42. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

43. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

44. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

45. Despite this, Defendant continued to place repeated collection calls to Plaintiff, on Plaintiff's cellular telephone, using an "automated telephone dialing system."

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

46. Defendant violated the FDCPA based on the following:

    a. Defendant violated §1692c(c) of the FDCPA by communicating further with the consumer with respect to the debt after the consumer has notified the debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer when Defendant continued to place collection calls to Plaintiff after being notified in writing to cease and desist all communication;

    b. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with any debt when Defendant continued to place collection calls to Plaintiff after being asked to stop calling; and

    c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the number called when Defendant called Plaintiff at an annoying and harassing rate of at least two (2) to three (3) times per week.

WHEREFORE, Plaintiff, DEANE-ELLEN VALKERIE, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k,

49. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE
## FLORIDA CONSUMER COLLECTION PRACTICES ACT

50. Plaintiff repeats and realleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant violated the FCCPA based on the following:

    a. Defendant violated the §559.72(7) of the FCCPA by communication with the debtor with such frequency as can reasonably be expected to harass the debtor when Defendant called Plaintiff at an annoying and harassing rate of at least two (2) to three (3) times per week.

WHEREFORE, Plaintiff, DEANE-ELLEN VALKERIE, respectfully requests judgment

be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

52. Statutory damages of $1,000.00 pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77,

53. Costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77, and

54. Punitive damages and equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. 559.77(2); and

55. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

56. Plaintiff repeats and re-alleges paragraphs 1-45 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

57. Defendant's conduct violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii) when there was a delay when Plaintiff answered the phone before being connected to the Defendant, calls would frequently hang up when answered, and Defendant used a pre-recorded message.

WHEREFORE, Plaintiff, DEANE-ELLEN VALKERIE, respectfully requests judgment be entered against Defendant, MIDLAND CREDIT MANAGEMENT, INC., for the following:

58. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47

U.S.C. 227(b)(3)(B).

59. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

60. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

61. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

March 10, 2015

By: _____
Shireen Hormozdi
SBN: 0882461
Hormozdi Law Firm, LLC
1770 Indian Trail Lilburn Road, Suite 175
Norcross, GA 30093
Tel: 678-395-7795
Fax: 866-929-2434
E-mail: shireen@norcrosslawfirm.com
Attorney for Plaintiff